# IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

THOMAS ROYE WAHPEKECHE,    )
                                    )
           Petitioner,      )
                                    )
v.                              )     Case No. CIV-21-1106-PRW
                                    )
LUKE PETTIGREW, Warden,      )
                                    )
           Respondent.    )

## ORDER

Before the Court is United States Magistrate Judge Shon T. Erwin's Report & Recommendation (Dkt. 30), recommending the Petition in the above titled case be denied in its entirety, and Petitioner Thomas Roye Wahpekeche's Objections to the Report & Recommendation (Dkt. 31). For the reasons below, the Court **ADOPTS** the Report & Recommendation (Dkt. 30) in part and **DISMISSES** the Petition (Dkt. 1).

### Background

On December 21, 2015, a Cleveland County jury convicted Petitioner Wahpekeche of four counts of First-Degree Rape (Victim Under Age 14), two counts of Forcible Sodomy, three counts of Lewd or Indecent Acts to a Child Under 16, one count of Rape by Instrumentation, and one count of Performing a Lewd Act in the Presence of a Minor. Petitioner is currently an inmate at the Joseph Harp Correctional Center where he is serving a life sentence.

On April 27, 2017, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's convictions on direct appeal. Petitioner filed an Application for Post-

Conviction Relief in Cleveland County District Court that was denied. Petitioner appealed this decision, and the OCCA dismissed the appeal as untimely. Petitioner then filed an Application for Out-of-Time Post-Conviction Appeal, which the Cleveland County District Court and then the OCCA granted. Petitioner appealed the Cleveland County District Court's denial of his Application for Post-Conviction Relief to the OCCA, which affirmed the lower court's denial.[1]

On September 18, 2021, Petitioner brought a habeas petition under 28 U.S.C. § 2254 in this Court. He raises several claims related to his conviction including challenges to the state court's jurisdiction over his criminal proceedings, as well as claims based on the Indian Child Welfare Act ("ICWA") and ineffective assistance of trial and appellate counsel.

## *Discussion*

In his Report & Recommendation, Magistrate Judge Erwin divides Petitioner's grounds for relief into two categories, the first involving challenges to the state trial court's jurisdiction over Petitioner's criminal case, and the second involving challenges that are procedurally barred. Regarding the first category, the Report & Recommendation found that the OCCA did not address the merits of these claims on direct appeal. The Court

---

[1] While awaiting a decision on his Application for Out-of-Time Post-Conviction Appeal, Petitioner filed a Motion to Dismiss for Lack of Jurisdiction that the Cleveland County District Court construed as a second application for post-conviction relief. That court denied the Motion to Dismiss, and Petitioner did not appeal the denial.

agrees,[2] and must therefore exercise its independent judgment over federal habeas claims not adjudicated on the merits in state-court proceedings.[3] "Any state-court findings of fact that bear upon the claim[s] are entitled to a presumption of correctness rebuttable only by clear and convincing evidence."[4]

The central dispute underlying the Petitioner's jurisdictional claims is whether his crimes occurred on Indian land.[5] Petitioner argues that, because his alleged crimes occurred on Indian land, the State of Oklahoma lacked jurisdiction to prosecute him. The Cleveland County District Court held two hearings on this issue and twice found that the land in question was not Indian land. The Report & Recommendation concluded that the state court's determination on this issue is a factual finding entitled to a presumption of correctness that Petitioner has failed to rebut since he has not presented any new evidence or arguments that were not previously before the state court. Petitioner objects that the Report & Recommendation erred by not applying the test the Supreme Court set forth in *Solem v. Bartlett* to determine whether the land at issue is "Indian Country."[6] Petitioner

---

[2] As the Report & Recommendation points out, the OCCA construed all of Petitioner's jurisdictional claims as a request to void his conviction under *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). But Petitioner first presented his jurisdictional claims before *McGirt* was decided and maintains that his arguments are distinct from *McGirt*.

[3] *McCracken v. Gibson*, 268 F.3d 970, 975 (10th Cir. 2001).

[4] *Grant v. Royal*, 886 F.3d 874, 889 (10th Cir. 2018) (quoting 28 U.S.C. § 2254(e)(1)).

[5] Specifically, Petitioner's jurisdictional claims are labeled as Grounds One, Two, Three, Five, and Eight in the Petition.

[6] 465 U.S 463 (1984).

insists that the Cleveland County District Court would have found that the land at issue was Indian land if it had applied the *Solem* test.

To be clear, Petitioner has raised two lines of jurisdictional arguments throughout various filings and hearings. Petitioner first argued at trial and on appeal of his conviction to the OCCA, that the land at issue was part of a "dependent Indian community" under 18 U.S.C. § 1151(b). The trial court and the OCCA rejected that argument. In his first and second Applications for Post-Conviction Relief, Petitioner argued that the land at issue was part of an Indian reservation, specifically the Citizen Potawatomi Nation ("CPN") Reservation, under 18 U.S.C. § 1151(a). The OCCA did not address this argument in its Order Affirming Denial of Post-Conviction Relief. The Court construes the jurisdictional claims made in this Petition as falling within his § 1151(a) line of jurisdictional arguments.

The only instance in which a state court addressed Petitioner's § 1151(a) arguments was the Cleveland County District Court's Order Denying Petitioner's Second Application for Post-Conviction Relief. Though the court did not explicitly apply the *Solem* test, it rejected Petitioner's § 1151(a) arguments by finding that Congress disestablished the CPN Reservation through the 1891 Act. That Act reads:

> The Citizen Band of Pottawatomie Indians of the Indian Territory, in consideration of the fulfillment of the promises hereinafter made, hereby cede, relinquish, and forever and absolutely surrender to the United States all their claim, title and interest of every kind and character in and to the following described tract of country . . . .[7]

---

[7] Act of Mar. 3, 1891, ch. 543, 26 Stat. 989, 1016 ("1891 Act").

The court also cited the Supreme Court's decision in *DeCoteau v. Dist. County Court for Tenth Judicial Dist.*, which held that the 1891 Act disestablished the Lake Traverse Indian Reservation.[8] The language that Act used to disestablish the Lake Traverse Indian Reservation is functionally identical to the language quoted above. Indeed, it appears the Tenth Circuit decided this issue in *Citizen Band Potawatomi Indian Tribe v. Collier*, where it described the 1891 Act as "embod[ying] the agreements under which the [CPN] reservation was ceded to the government."[9] *Collier* also repeatedly referred to the CPN Reservation as "the former Potawatomi reservation."[10] Petitioner's § 1151(a) jurisdictional claims thus fail under Tenth Circuit precedent regardless of whether any court applied the *Solem* test to those claims.[11]

Turning to the Petition's second category of claims, the Court agrees with the Report & Recommendation that these claims are unexhausted.[12] "The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief."[13] Thus, if an

---

[8] 420 U.S. 425, 445 (1975).

[9] 142 F.3d 1325, 1332 (10th Cir. 1998).

[10] *Id.*, passim.

[11] The Court disagrees with the Report & Recommendation that this conclusion is a factual finding entitled to a presumption of correctness. The state court's determination that the 1891 Act disestablished the CPN Reservation was a result of statutory interpretation, making it a legal finding rather than a factual one. Nonetheless, the state court's conclusion is correct under Tenth Circuit precedent. *See id.*

[12] Specifically, these claims are labeled as Grounds Four, Six, Seven, Nine, and Eleven in the Petition.

[13] *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Exhaustion "means using all steps that the agency holds out and doing so properly (so that the agency addresses the issues on

administrative remedy was available to Petitioner, he was required to exhaust that remedy before filing his Petition.

Petitioner objects that each of his claims was raised on direct appeal to the OCCA by quoting Respondent's Response to his Petition. However, these quotes take the Response's language out of context. For example, regarding Ground Four, Petitioner argues that he did exhaust this claim by quoting language from the Response stating, "Petitioner is referring to the fact that he did at one point raise his ICWA argument to the OCCA[.]"[14] But the Response goes on to correctly explain that this argument was not properly exhausted because the OCCA dismissed Petitioner's appeal containing the ICWA argument on procedural grounds.

This example is repeated for all of Petitioner's second category claims except for Ground Six. Ground Six reads: "Ineffective assistance of trial counsel for failing to challenge the trial court's jurisdiction based on the aforementioned arguments."[15] To counter the Report & Recommendation's finding that this claim is unexhausted, Petitioner again objects by quoting the Response which states that this ground for relief "was briefly raised . . . in his Petition in Error and Brief in Support in OCCA Case No. PC-2020-717."[16] This quote is not taken out of context, as the Response does not argue that this ground for

---

the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotation marks and citation omitted).

[14] Resp. to Pet. (Dkt. 14), at 96.

[15] Pet. (Dkt. 1), at 27.

[16] Resp. to Pet. (Dkt. 14), at 104.

relief is unexhausted. But the Petition in Error and Brief in Support states only that "Petitioner was denied the effective assistance of *Appellate* counsel" for failure to "properly and adequately raise the issue of federal jurisdiction over lands lying within the historical/former boundaries of an Indian tribe."[17] This claim refers only to Petitioner's appellate counsel, unlike Ground Six of the instant Petition which refers only to Petitioner's trial counsel. Even construing Petitioner's claims and objections liberally, the Court cannot overlook the difference in these claims. Accordingly, the Court finds that Grounds Four, Six, Seven, Nine, and Eleven are unexhausted. [18]

## *Conclusion*

Petitioner has failed to demonstrate that Magistrate Judge Erwin's conclusion—that the Complaint must be dismissed—is erroneous. Accordingly, the Court **ADOPTS** the Report & Recommendation (Dkt. 30) and **DISMISSES** the Petition (Dkt. 1) in its entirety, without prejudice. Because the Petition is dismissed, the Court also **DENIES AS MOOT** Petitioner's pending Motion to Appoint Counsel (Dkt. 32).

---

[17] Ex. 30 (Dkt. 14), at 30 (emphasis added).

[18] Ground Ten is the only claim in the Petition that is neither a jurisdictional claim nor procedurally barred. In that Ground, Petitioner argues that the OCCA improperly applied *State ex rel. Matloff v. Wallace* to bar Petitioner's jurisdictional challenges when denying his Application for Post-Conviction Relief. 497 P.3d 686 (Okla. Crim. App. 2021). This is a collateral challenge to the OCCA's decision on Petitioner's post-conviction appeal. It thus fails to present a cognizable federal habeas claim. *See Sellers v. Ward*, 135 F.3d 1333, 1335 (10th Cir. 1998) ("[B]ecause the constitutional error [petitioner] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim.").

**IT IS SO ORDERED** this 20th day of October 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE